977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry Lee ROACH, Plaintiff-Appellant,
v.
Sheriff Byron OEDEKOVEN, in his official capacity, Defendant-Appellee.
 No. 91-8066.
 United States Court of Appeals, Tenth Circuit.
 Sept. 2, 1992.
 
 Before LOGAN, EBEL, and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 KELLY, Circuit Judge.
 
 
 1
 Plaintiff Jerry Lee Roach appeals from an order dismissing his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Roach brought this action against the sheriff of Campbell County for denying Roach access to a law library while Roach was incarcerated on pending felony charges. The district court dismissed the complaint as frivolous on the ground that Roach had a court-appointed attorney at the time he requested access to the law library, and therefore had no right of access to a law library. This court reversed and remanded, construing Roach's complaint to allege that he required access to the library to research civil issues, but counsel had not been appointed for the purpose of Roach's civil representation. Roach v. Campbell County Sheriff's Dep't, No. 90-8081 (10th Cir. Feb. 8, 1991). On remand, the district court granted Defendant's motion for summary judgment.
 
 
 3
 We review a grant or denial of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant must point to those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof at trial, that party must go beyond the pleadings and by affidavits or " 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(c) and (e)).
 
 
 4
 Bounds v. Smith, 430 U.S. 817, 828 (1977) (footnote omitted), held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[1] Access to a law library is not essential if alternative sources of legal assistance are available. Love v. Summit County, 776 F.2d 908, 913-14 (10th Cir.1985), cert. denied, 479 U.S. 814 (1986).
 
 
 5
 It is undisputed that Roach was denied access to a law library while incarcerated in the county detention center. Roach argues that his court-appointed attorney was not an adequate alternative because the attorney refused to represent him in civil matters and was incompetent. Defendant's motion for summary judgment noted that Roach admitted in his complaint and only exhibit that he was provided with appointed counsel. Defendant asserted that requesting habeas corpus relief fits within the responsibilities of an appointed defense attorney under Wyoming law. Defendant also submitted court-appointed counsel's affidavit outlining his efforts in Roach's defense.
 
 
 6
 Roach's only submission in opposition to the motion for summary judgment was a brief in which he asserted that court-appointed counsel refused to assist him with unspecified civil matters. Allegations in a brief are insufficient to withstand a motion for summary judgment. Thomas v. Wichita Coca-Cola Bottling Co., Nos. 91-1274 and 91-1342, 1992 WL 147074, at * 2 (10th Cir. July 1, 1992). Roach did not submit affidavits, or identify depositions, answers to interrogatories, or admissions on file showing there is a genuine issue for trial. He therefore did not carry his burden in opposing the motion. See Celotex, 477 U.S. at 324.
 
 
 7
 Roach argues that Defendant failed to submit an affidavit stating that court-appointed counsel was willing to assist Roach in civil matters. However, there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323.
 
 
 8
 Roach finally argues that the district court "prejudiced" him by failing to consider facts favorable to him, badgering him, trying to confuse him, and refusing to provide him with transcripts. Even if these arguments were relevant to the issues on appeal, we find no support for them in the record. We conclude that the district court did not err in granting Defendant's motion for summary judgment.
 
 
 9
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The right of access to the courts applies as well to habeas corpus and civil rights actions. Ward v. Kort, 762 F.2d 856, 858 (10th Cir.1985)