982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reggie BANKS, Sr., Plaintiff-Appellant,
v.
KCTV-5, Meredith Corp., Phil Jones, Joe Snelson, Defendants-Appellees.
 No. 92-3152.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Reggie Banks worked as a projectionist in the engineering department of KCTV-5, a television station owned by the Meredith Corporation, from 1972 until he was fired in 1989. Banks brought suit under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-1 to -17, alleging race discrimination in promotion, discipline, terms and conditions of employment, and discharge. Banks also complained that he was discharged in retaliation for asserting his rights under Title VII. The district court granted summary judgment to defendants, KCTV-5, the Meredith Corporation, Phil Jones, and Joe Snelson. Banks, proceeding pro se, appeals the district court's decision. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 Our review of summary judgment is de novo. We apply the same legal standard used by the district court, namely Rule 56(c) of the Federal Rules of Civil Procedure. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3303 (U.S. Sept. 29, 1992) (No. 92-581). Under Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." We view the evidence in the light most favorable to the party opposing summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 3
 The party moving for summary judgment must inform the court of the basis for its motion, and must "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." Thomas, 968 F.2d at 1024 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The burden then shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. The nonmoving party must designate "specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To withstand summary judgment, the nonmoving party must identify sufficient evidence "by reference to an affidavit, a deposition transcript or a specific exhibit...." Thomas, 968 F.2d at 1024.
 
 
 4
 Banks claims defendants discriminated against him when they repeatedly denied him a promotion. In their motion for summary judgment, defendants argued the promotion claim is barred because Banks failed to file a complaint with the EEOC within the appropriate time limits. The district court found the promotion claim was untimely unless Banks could show a continuing violation. The court concluded that Banks failed to show a continuing violation because, although he alleged several instances of discriminatory conduct, he offered no evidence that the alleged discriminatory acts were related. We have reviewed the record and we agree that Banks has failed to show the alleged discriminatory acts were related in any way. See Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 984 (10th Cir.1991) (court upheld grant of summary judgment to defendants when plaintiff failed to produce evidence that act occurring outside statutory period was related to other alleged acts).
 
 
 5
 On appeal Banks argues that multiple and related acts of discrimination support his continuing violation theory, but "substantiating evidence was omitted by inadequate legal representation." We find no legal support, however, for the proposition that ineffective assistance of counsel can relieve a party to a civil suit from the burdens associated with opposing a motion for summary judgment. See Fed.R.Civ.P. 56(e) (party opposing a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial"). Moreover, there is no right to effective assistance of counsel in a civil lawsuit. MacCuish v. United States, 844 F.2d 733, 735 (10th Cir.1988). We hold the alleged incompetence of Banks' attorney provides no basis for reversing the district court's grant of summary judgment to defendants on the promotion claim.[1]
 
 
 6
 Banks also challenges the district court's analysis of disparate treatment. He cites McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273 (1976), for the proposition that an employer must apply its rules equally to employees of different races. The scope of his challenge, however, is not entirely clear from his brief. Banks brought each of his Title VII claims, with the exception of the retaliatory discharge claim, under a theory of disparate treatment by the defendants. In his statement of the issue on appeal, however, Banks appears to challenge only the district court's disposition of his promotion and discharge claims.[2] We will only address the discharge claim because we have already concluded the promotion claim was untimely, and because neither Banks' statement nor argument of this issue discusses any of his other claims.
 
 
 7
 In his complaint, Banks claimed defendants discharged him on account of his race and color. When alleging disparate treatment on the basis of race, a plaintiff must prove that the defendant had a discriminatory motive or intent. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986 (1988). An inference of discrimination arises if a plaintiff establishes a prima facie case of discrimination. Patterson v. McLean Credit Union, 491 U.S. 164, 187 (1989). To establish a prima facie case of discriminatory discharge a plaintiff must show that "(1) she belongs to a protected class or minority; (2) she was qualified for her job; (3) she was terminated despite her qualifications; and (4) after she was fired, her job remained open and the employer sought applicants whose qualifications were no better than her qualifications." Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 977 (10th Cir.1991).
 
 
 8
 Here, the district court found Banks had not established his prima facie case because he failed to show he was qualified for his job. Defendants argued Banks was unqualified because he left work early on June 3, 1989, without notifying his supervisor, and furthermore, he submitted a time sheet which incorrectly stated that he had worked until the end of his shift. Defendants offered this same reason to meet their burden to articulate a legitimate, nondiscriminatory reason for firing Banks. According to the district court, Banks failed to offer evidence that defendants subjected him to different qualification standards because of his race. The district court concluded that it, therefore, must defer to defendants' determination that Banks was unqualified for his position.
 
 
 9
 We disagree with the district court's reasoning. We have stated that an employer may decide an employee's failure to follow the employer's policies renders the employee unqualified for her position, id., as long as the employer applies its policies evenhandedly to members of all races, McDonald v. Santa Fe Trail, 427 U.S. at 283. We have also recognized, however, that a plaintiff should not, as part of her prima facie case, be required to overcome the employer's stated reason for discharge. See MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1119, 1121 (10th Cir.1991) (rejecting an employer's attempt to use its stated reasons for discharge to defeat plaintiff's prima facie case of discriminatory discharge on the basis of age). With regard to a plaintiff's burden to establish she is qualified for her position, we explained that
 
 
 10
 a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, or by her own testimony that her work was satisfactory, even when disputed by her employer, or by evidence that she had held her position for a significant period of time.
 
 
 11
 Id. at 1121 (citations omitted). The record shows that Banks was a projectionist for more than fifteen years. The district court incorrectly concluded that Banks failed to show he was qualified for his position.
 
 
 12
 Nevertheless, for reasons other than those relied upon by the district court, we affirm summary judgment on the discharge claim. United States v. Corral, 970 F.2d 719, 726 n. 5 (10th Cir.1992) (appellate court may affirm judgment on grounds supported by the record and law, but not relied upon by the district court). Defendants' attack on Banks' prima facia case was not limited to challenging his qualifications. They also charged that Banks could not establish he was terminated under circumstances which give rise to an inference of discrimination. To establish a prima facie case of disparate treatment, the plaintiff must prove circumstances sufficient to give rise to an inference of unlawful discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981). In the context of a discriminatory discharge claim, one of the circumstances the plaintiff must prove is that after termination, "her job remained open and the employer sought applicants whose qualifications were no better than her qualifications." Trujillo, 928 F.2d at 977. After reviewing the record, we find Banks failed to present any evidence to establish this element of his prima facie case. We, therefore, affirm summary judgment on the discharge claim on the grounds that Banks failed to make a showing sufficient to establish an element of his prima facie case.
 
 
 13
 We find no merit to the remaining arguments Banks raises in his pro se brief. We need not determine whether Banks could have prevailed had he raised his claims under 42 U.S.C. § 1983, because he did not present a § 1983 claim to the district court. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989) (issues not properly raised below will not be considered on appeal). Regarding Banks' complaint about paying defendants' costs, we affirm the district court's order for defendants to recover their costs from Banks. Costs are allowed "as of course to the prevailing party" under Rule 54(d) of the Federal Rules of Civil Procedure. And, finally, regarding Banks' attack on the partiality of the district court judge who granted summary judgment to defendants, we find no support for this charge in the record.
 
 
 14
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 By merely listing the terms "discipline, discharge, terms and conditions of employment and retaliation" in his brief immediately following his ineffective-assistance argument, Banks appears to raise this same argument as to each of his claims against the defendants. We will not, on the basis of ineffective assistance of counsel, relieve Banks from any adverse rulings of the district court
 
 
 [2]
 As his statement of this issue, Banks merely lists the following phrases:
 PROMOTIONS-DISCHARGE DISPARATE TREATMENT
 Appellant's Brief at 3. As his argument of this issue, Banks briefly discusses McDonald and refers to three sections of his brief in opposition to defendants' motion for summary judgment. These three sections relate only to (1) the circumstances surrounding his termination, (2) whether his supervisor ever made a derogatory remark about blacks, and (3) the hiring and promotion of a white employee. Thus, Banks' challenge seems limited to the district court's treatment of his promotion and discharge claims. Accordingly, we will not consider whether the district court correctly granted summary judgment to defendants on Banks' discipline and terms and conditions of employment claims. We realize that Banks has appealed pro se. Nevertheless, we will not consider matters omitted on appeal. Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991) ("[d]espite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues").