110 F.3d 74
 97 CJ C.A.R. 497
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kaylene MITCHELL, Plaintiff-Appellant,
v.
Sheila E. WIDNALL, Secretary of the U.S. Department of the
Air Force, Defendant-Appellee.
 No. 96-6150.
(D.C.No. CIV-95-402-A)
 United States Court of Appeals, Tenth Circuit.
 April 3, 1997.
 
 Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's grant of summary judgment on her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-16. In the course of her employment with the United States Air Force as a mechanic, plaintiff filed several administrative complaints alleging discriminatory treatment. In this action, she does not complain of discrimination, but of retaliation for her numerous administrative complaints.
 
 
 4
 We review summary judgment orders de novo and apply the same standard as did the district court. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.1992). Summary judgment is appropriate if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. See id. "We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury." Id.
 
 
 5
 With regard to administrative complaint 92-067, the district court found that plaintiff did not establish a prima facie case of reprisal because the conduct identified by plaintiff fell short of creating a hostile work environment and was, therefore, not actionable. See Purrington v. University of Utah, 996 F.2d 1025, 1033 (10th Cir.1993) (holding that prima facie case of retaliation requires proof of protected activity, adverse action by employer, and causal relationship between protected activity and adverse employment action). In a separate order, the district court found failure to establish a prima facie case on administrative complaint 93-289. It found that plaintiff's 1993 performance appraisal was not a negative evaluation and, therefore, did not constitute adverse employer action.
 
 
 6
 After review of the record, we affirm the district court's thorough orders of August 21, 1995, and February 28, 1996, for substantially the same reasons as set forth therein. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3