Mark A. THOMAS, John Hagar, Douglas Gillott, Reyes Medrano, Edward Watkins, Anthony Sintas, Anthony Giron, Michael Church, Buckley Berkey, William Churchill, and Victor Bradee, on their Behalf, and on Behalf of all Similarly Situated Individuals who may be elected to Participate in this Action Pursuant to 29 U.S.C., Section 126(d), Plaintiffs–Appellants,

v.

The WICHITA COCA–COLA BOTTLING COMPANY, Defendant–Appellee.

Nos. 91–1274, 91–1342.

United States Court of Appeals,
Tenth Circuit.

July 1, 1992.

Andrew T. Brake (Lee Thomas Judd with him on the brief), of Andrew T. Brake, P.C., Denver, for plaintiffs-appellants.

Elaine H. Turner, Colorado Springs (Gregory A. Eurich, Denver, with her on the brief), of Holland & Hart, for defendant-appellee.

Before LOGAN, ENGEL[†] and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, Plaintiffs–Appellants (Plaintiffs) sought to recover overtime wages from their employer, Defendant–Appellee Wichita Coca–Cola Bottling (Wichita). Wichita denied any obligation to pay overtime, relying on the motor carrier exemption of the Act, § 13(b)(1), 29 U.S.C. § 213(b)(1). The district court granted summary judgment in favor of Wichita, holding as a matter of law that (1) Plaintiffs performed duties that were involved in interstate commerce and (2) the Department of Transportation had the power to regulate Plaintiffs' hours. Our jurisdiction to review the district court's summary judgment arises under 28 U.S.C. § 1291 and we affirm.

## Background

The Fair Labor Standards Act of 1938 (FLSA or Act) provides that any employee who "is engaged in commerce or in the production of goods for commerce" shall be paid a minimum of one and one-half times his regular rate for a work week longer than forty hours. Act, § 7(a)(1); 29 U.S.C. § 207(a)(1). The Act exempts from the overtime provisions of § 207:

> any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49; ...

29 U.S.C. § 213(b)(1). Whether this exemption applies is dispositive of this appeal.

Undisputed affidavits before the district court established the following facts. Wichita is a privately-owned corporation headquartered in Wichita, Kansas, and is engaged in the business of bottling and selling Coca–Cola products. As part of its Colorado division, Wichita has a sales center in Colorado Springs. Plaintiffs seek overtime pay in connection with their employment as route drivers and route supervisors in the sales center. Although Wichita did not pay overtime to its route drivers and route supervisors, it did pay overtime to its merchandisers and warehouse laborers. Wichita regarded these latter positions as nonexempt under the Act.

† The Honorable Albert J. Engel, Senior United States Circuit Judge for the United States Court of Appeals–Sixth Circuit, sitting by designation.

The Colorado Springs sales center obtains approximately ninety percent of its products from Wichita's bottling facility in Kansas. The sales center places product orders with the Wichita bottling facility two weeks in advance of delivery. Orders are based on anticipated orders from sales center customers. The sales center attempts to keep a two-week inventory of Coca-Cola products in its warehouse.

The Coca-Cola products normally are transported by Wichita's drivers (who are based in Kansas) from the bottling facility in Wichita to the sales center, although occasionally the products are transported by common carrier. The products are stored in the sales center warehouse until delivered to customers by route drivers, who regularly transport the products to customers. Route supervisors also regularly transport these Coca-Cola products to customers when they fill in for route drivers. Both drivers and supervisors are required, when delivering Coca-Cola products from the Colorado Springs sales center, to pick up empty product containers held by customers. The empty containers are then returned to the sales center and transported to the Wichita, Kansas bottling facility on a daily basis.

Route drivers, and supervisors when filling in for route drivers, are required to complete Department of Transportation (DOT) logs recording the time spent from the time the delivery truck leaves the sales center warehouse until the truck returns. These DOT logs are retained in accordance with DOT regulations and are subject to DOT inspection. All route drivers and route supervisors are required to pass DOT written tests and driving tests and must complete various DOT forms. They also must pass a DOT physical and drug test. Each driver is given a copy of the *Federal Motor Carriers Safety Regulations Pocketbook* containing applicable DOT regulations.

### Discussion

■ Plaintiffs appeal from the grant of summary judgment. Our review is de novo and we apply the same legal standard used by the district court in evaluating the summary judgment motion, namely Fed. R.Civ.P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

■ A movant need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2551–52, 91 L.Ed.2d 265 (1986). If a movant establishes its entitlement to judgment as a matter of law given uncontroverted, operative facts contained in the documentary evidence, summary judgment will lie. *See Anderson*, 477 U.S. at 251, 106 S.Ct. at 2511.

■ "Rule 56(e) ... requires the non-moving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' *designate* 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)) (emphasis supplied). Thus, when a movant claims that there is no genuine issue for trial because a material fact is undisputed, the nonmovant must do more than refer to allegations of counsel contained in a brief to withstand summary judgment. Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein. *Id.; Phillips v. Calhoun*, 956 F.2d 949, 952–53

(10th Cir.1992). In the absence of such specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury. *Id.* Such an appellate supplementation of the nonmovant's presentation would not be fair to either the movant or the district court.

Plaintiffs do not contest the facts as set forth above. Instead, they argue that the inferences from these facts demonstrate a material factual dispute concerning whether Wichita intended that product delivered from Kansas to Colorado would remain in interstate commerce once it reached the warehouse. Plaintiffs suggest that, once delivered, the product remained in the warehouse and took on an intrastate character. Assuming arguendo that Wichita's intent with respect to its product deliveries does present a question of fact, absolutely no dispute exists regarding the handling of empty product containers. They are picked up on a daily basis, returned to the Colorado Springs warehouse, loaded onto trucks and shipped to Wichita's out-of-state bottling facility.

The regular pick up of empty containers destined for out-of-state bottling facilities has been held to both place employees in interstate commerce and exempt them from the overtime provisions of the FLSA under the motor carrier exemption. *Opelika Royal Crown Bottling Co. v. Goldberg*, 299 F.2d 37, 42–43 (5th Cir.1962); *Walling v. Silver Bros.*, 136 F.2d 168, 171 (1st Cir.1943).

In *Opelika*, the Fifth Circuit considered a very similar situation. Defendant distributor purchased Nehi products and transported them to its Opelika, Alabama warehouse. The products were unloaded, stacked on pallets, and, as needed, placed on five route trucks owned and used in local distribution. The driver-salesmen and helpers unloaded the products along the route, picked up empty bottles and placed them on the route truck. On return to the warehouse, the employees unloaded the empties which were then sorted, separated, loaded on a transport truck and shipped

back to the bottling source. On these facts, the Fifth Circuit agreed that the employees were engaged in interstate commerce, covered by the FLSA, but nevertheless exempt from the overtime provisions under § 13(b)(1), the motor carrier exemption. *See also Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 182 (11th Cir.1991) (reaffirming *Opelika*), *cert. denied,* —— U.S. ——, 112 S.Ct. 941, 117 L.Ed.2d 111 (1992).

In *Silver Bros.*, the drivers, in addition to delivering beer in New Hampshire, also picked up empty beer containers which were then shipped to out-of-state breweries. Although the district court found that the drivers were not engaged in interstate commerce, the First Circuit observed that if such activity had involved a substantial portion of the drivers' time, the drivers would be engaged in interstate commerce, but exempt from the FLSA under the motor carrier exemption.

Plaintiffs suggest that a factual issue exists concerning the actual amount of time they spent retrieving empty product containers. Aplt. Reply Brief at 5–6 (citing Aplt.App. at 58–59 & 94–95). First, the references Plaintiffs cite are to an affidavit which does not address the return of empty containers and a district court brief which contains counsel's arguments. As noted, statements of counsel are not summary judgment evidence. Second, Plaintiffs' suggestion that the time devoted to handling the empty containers is an insufficient base on which to ground the motor carrier exemption has been answered by the Supreme Court in *Morris v. McComb*, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947). In *Morris*, the Court held that employees were exempt from the overtime provisions of the FLSA even though only three to four percent of their time was devoted to services in interstate commerce. *Id.* at 434, 437, 68 S.Ct. at 137, 138.

For the motor carrier exemption to apply, the relevant factual issue " 'is not whether a substantial part of [an employee's] duties affected the safety of operations but, rather, whether any of [the employee's] duties had a *substantial effect* on

motor vehicle safety.' " *Crooker v. Sexton Motors, Inc.*, 469 F.2d 206, 209 (1st Cir. 1972) (quoting *Yellow Transit Freight Lines, Inc. v. Balven*, 320 F.2d 495, 498 (8th Cir.1963)).

> It is the character of the activities rather than the proportion of either the employee's time or of his activities that determines the actual need for the [Secretary of Transportation's] power to establish reasonable requirements with respect to qualifications, maximum hours of service, safety of operation and equipment.

*Levinson v. Spector Motor Serv.*, 330 U.S. 649, 674–75, 67 S.Ct. 931, 944, 91 L.Ed. 1158 (1947). Both Wichita and its route drivers and supervisors intended to and did comply with DOT regulations concerning preemployment physicals, log books, written and practical driving tests and drug testing. The district court correctly concluded, based upon the undisputed facts, that the character of the activities subjected the Plaintiffs to the power of the Secretary of Transportation, thus exempting them from the FLSA.[1] Accordingly, summary judgment in favor of Wichita is AFFIRMED.

---

1. Wichita contends that it is entitled to summary judgment because the "essential character" of its Kansas to Colorado shipments is interstate, quite apart from the return of the containers from Colorado to Kansas. *See, e.g., Rob-* *erts v. Levine*, 921 F.2d 804 (8th Cir.1990); *International Bhd. v. ICC*, 921 F.2d 904 (9th Cir. 1990). Because we uphold the district court's summary judgment on the latter ground, we need not decide this point.