39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cathy T. MAY, Individually and as Administratrix of the
Estate of Timothy L. May, Deceased, and as Parent and Next
of Kin to Erin L. May, Caroline E. May and Luke J. May,
minor Children; Jesse and Shanda Worsham, Plaintiffs-Appellants,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
Pennsylvania; Nationwide Mutual Insurance
Company, Defendants-Appellees.
 No. 93-5220.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, McKAY, and HENRY, Circuit Judges.[2]
 
 
 1
 Plaintiffs appeal the district court's grant of summary judgment in favor of defendants.[3] The district court found that the uninsured motorist endorsement and the limit of liability clause of plaintiffs' insurance policy were unambiguous and that, under the terms of the policy, plaintiffs were only entitled to the $200,000 already paid by the insurance company. We affirm.
 
 
 2
 We review the district court's grant of summary judgment de novo, reviewing the record in a light most favorable to the parties opposing the motion. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). We apply the same standard used by the district court, Fed.R.Civ.P. 56(c). Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied 113 S.Ct. 635 (1992). Rule 56(c) directs that summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 3
 This action stems from a head-on collision with an underinsured drunk driver in which Tim May was killed. Neither appellant, Mrs. May, nor her children were involved in the accident that killed Mr. May. Mr. May and his surviving wife and three children were insured by defendant, Nationwide Insurance. The May's policy contained an uninsured motorists endorsement that covered bodily injury in the amount of $100,000 for each person and $300,000 for each occurrence. Appellant's App. at 22. The policy limited payment under the uninsured motorist coverage as follows:
 
 LIMITS OF PAYMENT
 
 4
 AMOUNTS PAYABLE OF UNINSURED MOTORISTS LOSSES Our obligation to pay uninsured motorists losses is limited to the amounts per person and per occurrence stated in the attached Declarations. The following conditions apply to these limits:
 
 
 5
 1. Bodily injury limits shown for any one person, multiplied by the number of premiums shown, are for all legal damages, including care or loss of services, claimed by anyone for bodily injury to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence, multiplied by the number of premiums shown, is for all damages, including care or loss of services, due to bodily injury to two or more persons in any one occurrence.
 
 
 6
 Id. at 45. All of the Mays were considered insureds under the policy. In addition, they insured two cars and, therefore, paid two premiums under the policy.
 
 
 7
 Nationwide has paid the Mays $200,000 under the policy. Plaintiffs contend that the policy is ambiguous and, construed in their favor, provides per person coverage of $400,000. That claim is based on their interpretation that there are two per person limits of $100,000 each because two premiums were paid, and that those two limits should be added together and then multiplied by two (the number of premiums paid) for a total of $400,000 in per person coverage. Plaintiffs also argue that because each of the surviving Mays suffered loss of care and services damages as a result of Tim May's death, the policy provides coverage of $200,000 for each of the four surviving Mays. We have reviewed the record before us, and we agree with the district court's analysis and finding that the policy is unambiguous and that it provides coverage only in the total amount of $200,000 in this situation. Thus, we AFFIRM the judgment of the district court for substantially the same reasons set forth in its well-reasoned order of August 30, 1993.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Although Jesse and Shanda Worsham are captioned as plaintiffs and were listed in the notice of appeal as appellants, the district court recognized that they had no claim against defendants and the court did not consider them plaintiffs for purposes of the summary judgment. In addition, Appellants' brief notes that the Worshams are not parties to this appeal