**NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,
Plaintiff,**

v.

**MILLER AVIATION, INC.,
et al., Defendants.**

No. 94–2093–JWL.

United States District Court,
D. Kansas.

Feb. 22, 1995.

James E. Cooling, Andrew M. Jones, Joanne M. Barbera, Cooling & Herbers, P.C., Kansas City, MO, for North American Specialty Ins. Co.

William J. Ryan, Ryan, Walter & McClymont, Chartered, Norton, KS, for Miller Aviation Inc.

James E. Benfer, McCullough, Wareheim & La Bunker, P.A., Topeka, KS, for Lewis Cart.

Brett A. Reber, Casey R. Law, Bremyer & Wise, P.A., McPherson, KS, for Hadyn Fawcett, Judy Fawcett.

Karen L. Griffiths, Sebelius & Griffiths, Norton, KS, for Taylor James Friesz.

Joseph W. Jeter, Jeter and Moran, Hays, KS, for Dake Ryan Miller.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff North American Specialty Insurance Company requests summary judgment (Doc. # 44) on its complaint seeking a declaration that no coverage exists for claims against an aircraft insurance policy issued by plaintiff to defendant Miller Aviation, Inc. Plaintiff contends that there is no genuine issue of material fact with respect to the claims against the policy and that judgment in its favor is proper as a matter of law. No defendant has responded to the motion.[1] For the reasons set forth fully below, plaintiff's motion is granted.[2]

This case arises out of a tragic airplane crash in western Kansas on July 22, 1993 that killed the aircraft's pilot and its three passengers. The involved aircraft, a 1959 Model Cessna 310 with FAA Registration No. N339R ("the Aircraft"), was owned by defendant Miller Aviation, Inc. and was insured by the plaintiff. The policy concerning coverage for this accident, Aircraft Policy No. 100–31942 ("the Policy"), provides liability and medical expense protection for each passenger of the aircraft in the event of an accident. It also, however, provides the following:

WHAT IS NOT INSURED IN THIS SECTION . . .

8. Any loss or damage caused at a time when the ability of the pilot is impaired by alcohol, drugs or other toxic substances.

It further provides:

If the ability of the pilot is impaired by alcohol, drugs or other toxic substances,

---

1. Judgment has already been entered against the following defendants: Hadyn Fawcett, Judy Fawcett, LaWayne Lewis Cart, Donna Smith, and Robert Sanderson. The only remaining defendants are Miller Aviation, Inc., Joseph W. Jeter, Special Administrator of the Estate of Dake Ryan Miller, and Taylor James Friesz.

2. The court has jurisdiction of this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 in that an actual controversy and complete diversity exists between the plaintiff and defendants.

the policy is void and no insurance coverage exists under any section.

Plaintiff contends that the pilot of the Aircraft at the time of the accident, Dake Ryan Miller, was intoxicated and his abilities impaired by alcohol such that the Policy is void and provides no coverage for the defendants' losses. The defendants have not responded to the plaintiff's motion or attempted to controvert either the facts asserted as undisputed or the law applied.

District of Kansas Rule 206 provides that the failure to file a timely response to a motion constitutes the waiver of the right to thereafter file such a response. It further provides that in the event a party fails to file a timely response, the motion is considered and decided as uncontested and may ordinarily be granted without further notice. D.Kan.R. 206(g). Because the defendants have not filed a response to plaintiff's motion and the applicable time period has long since run, the court shall, pursuant to Rule 206(g), grant plaintiff's motion and the full relief requested.

In addition, the court has reviewed the papers submitted by the plaintiff and, in light of the respective burdens of production upon summary judgment, has determined it should be granted. Federal Rule of Civil Procedure 56 requires that the party seeking summary judgment lay out the basis of its motion and "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca–Cola Bottling, Co.,* 968 F.2d 1022, 1024 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). Once the movant meets this requirement, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Plaintiff has laid out a basis for its motion and has pointed to those portions

of the record indicating that no genuine issue of material fact exists. In response, defendants have failed to show that a genuine issue exists for trial.[3]

The plaintiff has produced evidence that Dake Ryan Miller was the pilot of the Aircraft at the time of the accident, he consumed beer prior to the flight, his blood alcohol concentration was .079 or .08 after the accident and his urine alcohol level was .110. Experts for the plaintiff have opined that under such conditions, Mr. Miller's ability to operate the aircraft was significantly impaired due to alcohol consumption. Absent a response from defendants, this evidence is deemed uncontroverted and admitted. The Policy plainly prohibits coverage and declares the policy void if the ability of the pilot of the insured aircraft is impaired due to alcohol consumption. Applying the facts to the clear terms of the Policy, summary judgment is proper. Defendants have not pointed to facts tending to show a genuine issue of fact exists with respect to coverage or whether the ability of the pilot of the Aircraft was impaired in contravention of the terms of coverage.

Thus the court grants plaintiff's motion and makes the following findings: the Policy was void at the time of the July 22, 1993 accident and there is no coverage under any provision of the Policy for claims by or against any of the defendants; the Policy excludes liability coverage for claims by or against any of the defendants arising from the crash of the Aircraft on July 22, 1993; the plaintiff North American Specialty Insurance Company has no obligation to indemnify for the claims made by or against any of the defendants arising out of the crash of the Aircraft on July 22, 1993; and plaintiff North American Specialty Insurance Company has no obligation to provide a defense or to pay any expenses or costs incurred by or against any defendant as a result of claims made by any of the defendants arising out of the crash of the Aircraft on July 22, 1993.

---

**3.** The court is puzzled as to why the defendants have failed to respond to plaintiff's motion when they have actively participated in other aspects of this litigation. If defendants made an informed decision to concede the motion, the preferred practice would have been to file a response that would have so indicated and not left the court in the position of being able only to speculate why no response has been forthcoming.

**IT IS THEREFORE ORDERED BY THE COURT** that North American Specialty Insurance Company's motion for summary judgment (Doc. # 44) is granted and judgment is entered in its favor in accordance with this order.[4]

---

4. There are no other claims pending and this order effectively terminates this action. Plaintiff's motion for permission to take a deposition (Doc. # 48) is now moot.