F I L E D

United States Court of Appeals

Tenth Circuit

APR 3 1997

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KAYLENE MITCHELL,

Plaintiff-Appellant,

v.

SHEILA E. WIDNALL, Secretary of
the U.S. Department of the Air Force,

Defendant-Appellee.

No. 96-6150
(D.C. No. CIV-95-402-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's grant of summary judgment on her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-16. In the course of her employment with the United States Air Force as a mechanic, plaintiff filed several administrative complaints alleging discriminatory treatment. In this action, she does not complain of discrimination, but of retaliation for her numerous administrative complaints.

We review summary judgment orders de novo and apply the same standard as did the district court. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). Summary judgment is appropriate if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. See id. "We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury." Id.

With regard to administrative complaint 92-067, the district court found that plaintiff did not establish a prima facie case of reprisal because the conduct identified by plaintiff fell short of creating a hostile work environment and was, therefore, not actionable. See Purrington v. University of Utah, 996 F.2d 1025, 1033 (10th Cir. 1993) (holding that prima facie case of retaliation requires proof of protected activity, adverse action by employer, and causal relationship between

protected activity and adverse employment action).  In a separate order, the district court found failure to establish a prima facie case on administrative complaint 93-289.  It found that plaintiff's 1993 performance appraisal was not a negative evaluation and, therefore, did not constitute adverse employer action.

After review of the record, we affirm the district court's thorough orders of August 21, 1995, and February 28, 1996, for substantially the same reasons as set forth therein.  The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge