**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

YVONNE M. SCHMIDT,

      Plaintiff-Appellant,

v.

U S WEST COMMUNICATIONS,

      Defendant-Appellee.

No. 99-2338
(D.C. No. CIV-98-1562-JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff Yvonne M. Schmidt appeals the district court's grant of summary

judgment in favor of defendant U S West Communications (U S West) on her

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

accommodation and retaliation claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA). We affirm.

Plaintiff has been employed by U S West (and its predecessor) since 1971. She has for many years been treated for depression and panic attacks. In 1993, 1996, and 1997, plaintiff filed charges against U S West with the Equal Employment Opportunity Commission (EEOC). The 1993 charge alleged discrimination based on race, sex, and disability. This charge was settled in 1995. The 1996 charge alleged discrimination and retaliation in the form of harassment. This charge was dismissed and a right to sue letter was issued in September 1996. Neither of these charges forms the basis for this lawsuit.

The 1997 EEOC charge alleged that plaintiff had been subjected to retaliation for filing her previous charges and that she "was refused proper health care in violation of The Americans With Disabilities Act of 1990." Appellant's App. at 35. The basis of plaintiff's charge was that the contracted administrator for U S West's health care plan, United HealthCare Insurance Company, had dropped her mental health provider, Dr. Cohen, from its list of approved providers. Plaintiff was informed that she could receive mental health services from another approved provider, but that if she wished to continue treatment with Dr. Cohen she would be required to pay for his services herself.

On December 22, 1998, plaintiff brought this action against U S West in the federal district court, alleging that she had been denied medical services in retaliation for filing the previous charges, and that she had been denied accommodation based on U S West's failure to provide her with assistance for training programs and its failure to provide her a coach or tutor. On October 28, 1999, the district court granted summary judgment in favor of U S West, finding that plaintiff failed to exhaust her administrative remedies in connection with the failure to accommodate claim, and that she failed to make a prima facie case of retaliation because she had not been subjected to an adverse employment action.

We review a grant of summary judgment de novo, applying the same legal standard as that used by the district court. Charter Canyon Treatment Ctr. v. Pool Co., 153 F.3d 1132, 1135 (10th Cir. 1998). Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Applying this standard, we examine the factual record and reasonable inferences drawn therefrom in a light most favorable to the nonmoving party." Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999).

A plaintiff must exhaust her claims before the EEOC as a prerequisite to federal court jurisdiction over such claims. Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1416 n.7 (10th Cir. 1993). Plaintiff's 1997 charge to the EEOC

did not allege that U S West failed to offer assistance for training programs or to provide a coach or tutor. It did not allege that U S West failed to accommodate her disability in any way, or that any such accommodation was necessary to permit her to perform her job. The district court was correct, therefore, in dismissing her accommodation claim.[1]

The district court was also correct in granting summary judgment in favor of U S West on the retaliation claim. To make a prima facie case of retaliation, plaintiff was required to show that she engaged in a protected activity, that U S West subjected her to a temporally proximate adverse employment action, and that there was a causal connection between the protected activity and the adverse employment action. Anderson, 181 F.3d at 1178. An adverse employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).

---

[1]   Even if we were to read the EEOC charge as containing an allegation that the removal of Dr. Cohen from the provider list was a failure to accommodate plaintiff's disability, so as to provide us with jurisdiction over an ADA accommodation claim, the claim would fail because plaintiff does not allege she cannot perform the essential functions of her job without such accommodation. See Anderson, 181 F.3d at 1175.

Plaintiff has not directed our attention to any evidence of an adverse employment action taken by U S West in retaliation for her filing of EEOC complaints. [2] The undisputed evidence shows the decision to remove Dr. Cohen from the list was made by the United HealthCare Insurance Company, and not by U S West.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[2] In fact, plaintiff's appellate brief does not cite to any evidence at all, referring us only to counsel's allegations in plaintiff's summary judgment response brief. Although we have elected to decide plaintiff's appeal on its merits, we caution counsel that we could as easily have denied the appeal based on the inadequacy of the brief submitted. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995) (declining to consider unsubstantiated allegations of discrimination when brief did not cite to summary judgment evidence in record); Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024-25 (10th Cir. 1992) (refusing to search record for evidence of disputed issue of fact, stating that "the nonmovant must do more than refer to allegations of counsel contained in a brief").