FILED
United States Court of Appeals
Tenth Circuit

February 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JANELL KENFIELD,

      Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
PUBLIC HEALTH &
ENVIRONMENT, a department of
the State of Colorado,

      Defendant - Appellee.

No. 12-1347
(D.C. No. 1:09-CV-01390-MSK-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **SEYMOUR**, and **LUCERO**, Circuit Judges.

Janell Kenfield filed this action under Title VII of the Civil Rights Act, 42

U.S.C. § 2000e *et seq.*, claiming her employer, the Colorado Department of

Public Health and Environment, discriminated against her on the basis of her race,

and then retaliated against her when she complained about it. She appeals the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. Although the
court generally disfavors the citation of orders and judgments, it may be cited for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's grant of summary judgment in favor of Defendant. We affirm substantially for the reasons given by the district court in its thorough assessment of Ms. Kenfield's claim.

## I

## Background

Given our agreement with the district court, we will not repeat the facts in detail. Ms. Kenfield, a Caucasian employee, works at the Department and is classified as a Health Professional III (HP III). During the period in which the actions she complains of took place, her immediate supervisor was Regina Charter, followed by Rebecca Jordan, and then Gary Laura (all HP Vs). Althea Bruce, whom Ms. Kenfield alleges was responsible for the discrimination and retaliation, oversaw the HP V supervisors, and Beth Dillon (Section Chief) supervised Ms. Bruce. Ms. Bruce is African-American; the others are Caucasian.

In January 2007, Ms. Kenfield filed a claim with the EEOC asserting discrimination and retaliation. She alleged that the following occurred because of her race: (1) her performance evaluation rating was downgraded from 3 to 2; (2) she did not receive a promised promotion to HP IV; and (3) she lost job responsibilities in response to her filing an internal grievance in November 2006. Almost a year later, she filed a second EEOC claim, alleging two additional instances of racial discrimination: (1) the continued retaliatory stripping of duties in light of her non-white coworker being "groomed for promotion," Aplt. App.,

vol. 1 at 98, and (2) the promotion of her non-white coworker to HP V instead of her. She brought this action after receiving two right to sue letters from the EEOC.

We review the district court's grant of summary judgment de novo. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). In so doing, we consider "[t]he factual record and reasonable inferences therefrom . . . in the light most favorable to the party opposing summary judgment." *Id.* Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There is no genuine issue of material fact "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

Because Ms. Kenfield lacks direct evidence of discrimination or retaliation, the *McDonnell Douglas* burden-shifting framework applies to her claims. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533-34 (10th Cir. 1998) (applying framework to retaliation). Under this framework, if the plaintiff establishes a prima facie case of discrimination or retaliation and the defendant provides a "legitimate, nondiscriminatory reason" for its actions, the plaintiff must then show the stated

reason is pretextual.  *McDonnell Douglas Corp.*, 411 U.S. at 802-04.  The burden

of proof to establish discrimination or retaliation "remains at all times with the

plaintiff."  *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988)

(internal quotation marks and citations omitted).  We are hampered in our review

of the eight-volume record on appeal by Ms. Kenfield's frequent failure to

provide us with citations to evidence in the record supporting her claims.[1]

## II

## Discrimination Claims

Generally, to establish a prima facie case of discrimination, a plaintiff must

show that: (1) she "belongs to a protected class"; (2) she "suffered an adverse

employment action"; and (3) "the challenged action took place under

circumstances giving rise to an inference of discrimination."  *EEOC v. PVNF,*

*L.C.C.*, 487 F.3d 790, 800 (10th Cir. 2007).  In reverse discrimination cases, the

first element is modified and the plaintiff must instead establish either

---

[1] Echoing the district court's similar admonishment, we reiterate that Ms. Kenfield's failure to include "citations to the authorities and parts of the record on which the appellant relies" in the argument section of her brief, Fed. R. App. P. 28(a)(9)(A), shows a complete disregard for Rule 28(a)(9)(A).  *See Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024-25 (10th Cir. 1992) ("[W]hen a movant claims that there is no genuine issue for trial because a material fact is undisputed, the nonmovant must do more than refer to allegations of counsel contained in a brief to withstand summary judgment. . . . In the absence of . . . specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury." (internal citations omitted)).

"background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority," *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992), or provide evidence supporting "a reasonable inference that but for the plaintiff's status the challenged decision would not have occurred," *id.* at 590. The mere fact that a plaintiff was qualified and another employee of a different status benefitted from the challenged decision is not sufficient. *Id.*

### a. Defendant's downgrade of Ms. Kenfield's evaluation rating

Ms. Kenfield appeals the district court's conclusion that she did not establish a prima facie case of discrimination relating to the change in her performance evaluation. She has cited to no evidence in the record supporting her claims that she would not have been given the rating of 2 but for her race. We agree with the district court that the circumstantial evidence of Ms. Bruce's unfriendly behavior toward some non-white employees is not sufficient to support an inference of discriminatory motive, nor is the fact that a non-white employee's rating of 3 was not downgraded. *See id.*

Moreover, even assuming Ms. Kenfield established an inference of discrimination, she has not cited evidence in the record that the change from a 3 to a 2 rating constituted an adverse employment action. An "[a]dverse employment action" requires a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different

responsibilities, or a decision causing a significant change in benefits." *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (quoting *Hillig v. Rumsfeld*, 381 F.3d 1028, 1032-33 (10th Cir. 2004)) (internal quotations omitted). As the district court pointed out, assuming the change in Ms. Kenfield's evaluation score potentially could have decreased her bonus *if* "(i) the pay for performance plan was funded, and (ii) a rating of 2 was found to be insufficient to warrant a bonus," Aplt. App., vol. 8 at 2729 n.5, as she asserts, there is nothing in the record to support that either of these contingencies occurred. Accordingly, we agree with the district court's conclusion that Ms. Kenfield failed to allege facts sufficient to establish a prima facie case of reverse discrimination.

### b. *Defendant's failure to promote Ms. Kenfield to HP IV*

Ms. Kenfield also appeals the district court's determination that she did not establish a prima facie case of discrimination relating to her lack of promotion to an HP IV position. It is questionable whether Defendant's failure to promote her was an adverse employment action given that the record does not reflect that the employer was ever *seeking* HP IV applicants. *See Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997) (no prima facie case of failure to promote because of gender where no position existed); *see also Griffith v. Colo., Div. of Youth Servs.*, 17 F.3d 1323, 1331 (10th Cir. 1994) (unavailability of promotional position precludes retaliation claim). In any event, this claim also fails from a lack of evidence to support an inference that the decision would have been

different but for Ms. Kenfield's race, especially given that no other employee received the promotion in her place.

### c. Defendant's failure to promote Ms. Kenfield to HP V

Finally, Ms. Kenfield contends the district court erred in granting summary judgment on her claim of discrimination based on Defendant's decision to promote Ms. Mendez, a non-white employee, instead of her to an HP V position. Once again, Ms. Kenfield's claim fails for lack of evidence that this decision was motivated by racial animus.

Even assuming Ms. Kenfield established a prima facie case, however, she failed to provide evidence that the reason given for her non-promotion—that she was less qualified—was pretextual. The decision to promote Ms. Mendez over Ms. Kenfield was made *jointly* by Ms. Bruce and Ms. Jordan, Ms. Kenfield's direct supervisor. Ms. Jordan agreed that Ms. Mendez "would make the best supervisor." Aplt. App., vol. 7 at 2397. The choice was made in light of Ms. Mendez having the best organization, communication, and writing skills; having a college degree; and being a certified Disease Intervention Specialist trainer. *Id*. "To show pretext, the disparity in qualifications must be overwhelming." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1309 (10th Cir. 2005) (internal quotation marks omitted). Ms. Kenfield failed to show that the disparity in her qualifications and those of Ms. Mendez—assuming there was one or that it favored Ms. Kenfield as she claims—was "overwhelming."

Nor does evidence of preselection help Ms. Kenfield. As we explained in *Jaramillo*, preselection "might be inconsiderate or unfair, but it does not support the inference that the [defendant's] employment decision was motivated by [race]-based discrimination." *Id.* at 1314. Thus, we agree with the district court's grant of summary judgment on Ms. Kenfield's discrimination claims.

## III

## Retaliation Claim

Ms. Kenfield contends Ms. Bruce retaliated against her by her general hostility, by stripping Ms. Kenfield of her duties, and by her failure to promote Ms. Kenfield to HP V after she filed her grievance in November 2006. In order to establish a prima facie case of retaliation, a plaintiff must show: "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (footnote omitted).

An employer's action is materially adverse if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citations omitted). "[T]he fact that an employee continues to be undeterred in . . . her pursuit of a remedy . . . may shed light as to whether the

actions are sufficiently material and adverse to be actionable." *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1214 (10th Cir. 2008) (alleged stripping of decision-making authority occurred between first and second EEOC complaints). To establish the causal nexus, a plaintiff must offer evidence of "close temporal proximity between the protected activity and the retaliatory conduct" or other evidence of causation. *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181-82 (10th Cir. 2006). Without other evidence, three or more months between the protected activity and the adverse action is insufficient to establish a causal connection. *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997).

By its very nature, retaliatory conduct must come *after* the protected activity. *See Marx v. Schnuck Mkts., Inc.*, 76 F.3d 324, 329 (10th Cir. 1996) (assuming the retaliatory conduct "closely follow[s]" or "begins soon after" the protected activity). We agree with the district court's conclusion that the continuance of the alleged hostility, which formed the basis of both the internal grievance and the first EEOC charge, cannot be retaliatory as the plaintiff herself alleges the hostility existed *prior to* the protected activities. The protected activity therefore could not have *caused* the hostility.

Even using January 24, 2007—the date Ms. Kenfield filed her first charge with the EEOC—as the date from which temporal proximity is measured, the only alleged adverse action that occurred within three months of the filing of the EEOC charge was the stripping of her job duties. This included Ms. Jordan's

-9-

instructions to not take pouches home, not work on the weekend without pre-approval, not schedule meetings with subordinate staff, and not "respond to requests regarding pager schedules," Aplt. App., vol. 7 at 2553-a (Jan. 30, 2007); and Ms. Bruce's transfer of "supervisor level duties," including pouch review, from Ms. Kenfield to her supervisor, Aplt. App., vol. 7 at 2551-52 (Apr. 9, 2007). The remaining alleged adverse action, the failure to promote Ms. Kenfield to HP V, occurred more than six months after Ms. Kenfield filed the EEOC charge. In offering no other evidence to support the inference that the loss of the promotion to Ms. Mendez was caused by her complaint, Ms. Kenfield failed to show the requisite causal connection between the complaint and the loss of promotion.

And, while the stripping of Ms. Kenfield's job duties was temporally proximate to the protected activity, it does not constitute a "materially adverse" action in that it did not deter Ms. Kenfield from pursuing a remedy. *See* Aplt. App., vol. 1 at 98-99 (Ms. Kenfield's *second* EEOC claim filed in January 2008); *Somoza*, 513 F.3d at 1214. Accordingly, Ms. Kenfield failed to establish a prima facie case of retaliation.

As the district court mentioned, while it is unfortunate that Ms. Kenfield and Ms. Bruce had a difficult relationship, an inference of discrimination or retaliation cannot be drawn based merely on an unfriendly work environment.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judges