Timothy A. DOUGHERTY, Plaintiff,

v.

VENATOR GROUP RETAIL,
Defendant.

No. 99–4055–RDR.

United States District Court,
D. Kansas.

April 10, 2000.

Lelyn J. Braun, Oyler & Pauzauskie, Topeka, KS, for Timothy A Dougherty.

William C. Martucci, Spencer, Fane, Britt & Browne, Kansas City, MO, Jeannie M. DeVeney, Spencer, Fane, Britt & Browne, Overland Park, KS, for Venator Group Retail.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a diversity action brought by the plaintiff against his former employer. He contends that he was terminated from his employment with the defendant because he had filed workers' compensation claims. This matter is presently before the court upon defendant's motion for summary judgment.[1]

---

1. In responding to the motion for summary judgment, plaintiff failed to comply with D.Kan. Rule 56.1. He failed to (1) include a concise statement of material facts to which he contends a genuine issue exists; (2) number the allegedly disputed facts; and (3) refer

## I.

A court grants a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. The court is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will ... preclude summary judgment." *Id.* There are no genuine issues for trial if the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]here are cases where the evidence is so weak that the case does not raise a genuine issue of fact." *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir.1988).

The initial burden is with the movant to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). If this burden is met, the nonmovant must "come forward with specific facts showing that there is a genuine issue for trial as to elements essential to" the nonmovant's claim or position. *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993) (citations omitted). The non-

movant's burden is more than a simple showing of "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348; it requires " 'present[ing] sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.' " *Thomas v. International Business Machines*, 48 F.3d 478, 484 (10th Cir.1995) (quoting *Bacchus Industries, Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991)). The court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmovant. *Id.* A party relying on only conclusory allegations cannot defeat a properly supported motion for summary judgment. *White v. York Intern. Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P.1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). At the same time, a summary judgment motion does not empower a court to act as the jury and determine witness credibility, weigh the evidence, or choose between competing inferences. *Windon Third Oil and Gas v. Federal Deposit Ins.*, 805 F.2d 342, 346 (10th Cir.1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987).

## II.

For the purpose of the instant motion, the court finds that the following pertinent facts are either uncontroverted or considered in the light most favorable to the plaintiff. Plaintiff was hired for employment with the defendant on or about January 22, 1990. Initially, plaintiff worked as

with particularity to the portions of the record upon which he relies. In deciding the instant motion, the court has attempted to give the plaintiff the benefit of the doubt concerning

these transgressions. The court would caution plaintiff's counsel that compliance with Rule 56.1 is mandatory.

a lane changer. In this position, other employees would deliver shoes in boxes to plaintiff, and he would cut the boxes open and put the shoes on a conveyor belt for other employees to pick and ship out to customers.

Plaintiff filed his first workers' compensation claim in September 1994. He suffered a back injury while trying to lift some boxes. Plaintiff was off work for some time due to the injury and received workers' compensation for lost wages. When he returned to work, plaintiff was placed on light duty. When his back improved, he returned to his position as lane changer. Plaintiff has no complaints about the way this incident was handled. He believes the defendant promptly responded to his concerns. Plaintiff was not aware of any negative comments about his injury or his workers' compensation claim.

On or about July 26, 1995, plaintiff suffered another work-related injury. He hit his head while working. Plaintiff has no complaints about the manner in which this incident was handled. He returned to work without restrictions on July 31, 1995 and had no complaints about the position to which he was assigned.

Plaintiff suffered a second injury to his back on or about April 10, 1997. This injury occurred when he was taping boxes to close them for shipping. He dropped tape on the floor, and when he bent down to pick it up, he could not get back up. Plaintiff acknowledges that the defendant was responsive to his problems. He has received some workers' compensation for that injury, but the claim has not been finally settled. On or about May 12, 1997, plaintiff returned to work with the following restrictions: no standing or walking more than four to six hours; no sitting more than four to six hours; no bending or squatting more than two hours; no twisting more than two to four hours; and no lifting more than ten to fifteen pounds.

Plaintiff was given a light duty position of picking and sorting. Plaintiff had no objection to performing those kinds of duties. Plaintiff's compensation and terms of employment were not affected by his injury or his workers' compensation claim. Plaintiff was not aware of any negative comments about his April 10th injury or his workers' compensation claim.

Sometime after this last back injury, Dave Mills, plaintiff's supervisor, asked plaintiff to unload a truck. Plaintiff told Mills that this activity was in violation of his restrictions. Mills told plaintiff: "Go do the job." After unloading the truck, plaintiff went to talk to Pam Weeks, the defendant's nurse, about the incident. Weeks told plaintiff that she did not believe the task was in violation of his restrictions.

On June 4, 1997, plaintiff was restricted to the following: no bending or squatting more than one to two hours; no twisting more than one to two hours; and no lifting more than fifteen pounds. On or about June 15, 1997, plaintiff played in a golf tournament. He played 18 holes in a straight format, as opposed to a scramble or best ball format. Dr. Geist, the defendant's doctor, told plaintiff he could play in the tournament as long as he did not violate his restrictions. On or about June 26, 1997, plaintiff was terminated by the defendant for playing in the golf tournament. This decision was made by Weeks, the defendant's nurse; Diane Newell, the defendant's human resources manager; and Mills, plaintiff's supervisor. They determined that plaintiff's golfing did in fact violate the restrictions that had previously been imposed.

### III.

█ In Kansas, the employer-employee relationship is governed by the employment at will doctrine. The doctrine holds that, in the absence of an express or im-

plied agreement to the contrary, the employment is terminable at the will of either party. *Johnson v. National Beef Packing Co.,* 220 Kan. 52, 551 P.2d 779, 781 (1976). An exception to this general rule exists if an employee is dismissed in retaliation for exercising his or her rights under the Kansas Workers' Compensation Act. *Murphy v. City of Topeka–Shawnee County Dept. of Labor Services,* 6 Kan.App.2d 488, 630 P.2d 186, 192 (1981); *Ortega v. IBP, Inc.,* 255 Kan. 513, 874 P.2d 1188, 1191 (1994).

In *Ortega,* the Kansas Supreme Court set out the evidentiary standard for evaluating a retaliatory discharge claim in Kansas. The Court stated: "A party having the burden of proving a discharge from employment in retaliation for having filed a workers compensation claim must establish that claim by a preponderance of the evidence, but the evidence must be clear and convincing in nature." 874 P.2d at 1198. In defining this somewhat unique, hybrid standard, the court explained that the "preponderance of the evidence standard" requires "evidence which shows a fact is more probably true than not true." *Id.* at 1197. The court stated that evidence is "clear if it is certain, unambiguous, and plain to the understanding;" and "it is convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it." *Id.* at 1198. For the evidence to be "clear and convincing":

> [T]he witnesses to a fact must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the details in connection with the transaction must be narrated exactly and in order; the testimony must be clear, direct and weighty; and the witnesses must be lacking in confusion as to the facts at issue.

*Modern Air Conditioning, Inc. v. Cinderella Homes, Inc.,* 226 Kan. 70, 596 P.2d 816, 824 (1979) (citations omitted).

■ To establish a prima facie case of retaliatory discharge under Kansas law, a plaintiff must produce evidence demonstrating: (1) that the plaintiff filed a claim for workers' compensation benefits or sustained an injury for which he or she might assert a future claim for such benefits; (2) that the employer had knowledge of the plaintiff's compensation claim or the fact that the plaintiff had sustained a work-related injury for which he or she might file a future claim for benefits; (3) that the employer terminated the plaintiff's employment; and (4) that a causal connection existed between the protected activity or injury and the termination. *Huffman v. Ace Elec. Co., Inc.,* 883 F.Supp. 1469, 1475 (D.Kan.1995); *Pilcher v. Board of County Commissioners of Wyandotte County,* 14 Kan.App.2d 206, 787 P.2d 1204, 1208 (1990). Ultimately, the plaintiff can recover only upon proving that the discharge was "based on" the employer's intent to retaliate. *See Brown v. United Methodist Homes for the Aged,* 249 Kan. 124, 815 P.2d 72, 88 (1991).

### IV.

■ The defendant argues in the instant motion that plaintiff has failed to meet the fourth element of the prima facie case. The defendant contends that plaintiff has failed to produce clear and convincing evidence that it based its decision to terminate plaintiff on his filing or pursuit of a workers' compensation claim.

The court has carefully reviewed all of the evidence contained in the record. After viewing this evidence in the light most favorable to the plaintiff, we are unable to find any support for the contention that the defendant had an illegal motive for the termination. Plaintiff acknowledged during his deposition that he lacked evidence to support such a claim:

> Q: Let me ask you this: Do you, in fact, believe that you were terminated because you had filed three workers' compensation claims and had three work-related injuries?

A: No. I believe they fired me because I played in that golf tournament.

Q: And you believe they were mistaken in believing that you played golf in violation of your restrictions?

A: Yes. I think they were wrong. I mean, I don't know that lurks in the minds of people, the way they act and stuff. It might have been retaliatory action, but I know that I kept complaining to Pam Weeks all the time about my back and stuff. Maybe she got tired of it.

Plaintiff's claim that he was terminated for violating the terms of his medical restrictions, even if that decision was unfair or unreasonable, does not provide support for a contention that his employer acted with an improper retaliatory motive in discharging him unless that decision was a pretext for retaliation. Plaintiff has offered no such evidence. Plaintiff's vague speculative suggestion that Weeks may have tired of his complaints is insufficient to show a causal relationship between the filing and pursuit of workers' compensation claims and his termination.

The court notes in addition that plaintiff failed to produce any evidence that any of the defendant's employees who were involved in the decision to terminate him made any derogatory comments about his workers' compensation claims. Plaintiff actually acknowledged that he was treated fairly by the defendant on his earlier claims.

Finally, the proximity in time between the filing of the workers' compensation claim and the termination can under some circumstances provide evidence of retaliatory intent. Here, the termination came approximately two months after his injury. While proximity in time can provide some evidence of retaliatory motive, it alone is "insufficient to show by evidence of a clear and convincing nature that defendant's proffered nonretaliatory explanation for plaintiff's termination ... was pretextual." *Robinson v. Wilson Concrete Co.*, 913 F.Supp. 1476, 1485 (D.Kan.1996). Such evidence, however, coupled with other, more probative evidence, will provide support for a retaliatory discharge claim. *Id.* at 1484–85. As noted previously, there is no additional evidence of retaliatory intent here.

In sum, the court finds that plaintiff has not offered facts from which a reasonable jury could find in his favor. The defendant is therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. # 23) be hereby granted. Judgment shall be entered for the defendant and against the plaintiff.

**IT IS SO ORDERED.**