Karen **DUDNIKOV** and Michael **Meadors**, Plaintiffs,

v.

**MGA ENTERTAINMENT, INC.,** a California corporation Defendant.

No. **CIV.A.03–D–2512(PAC).**

United States District Court, D. Colorado.

Aug. 17, 2005.

Karen Dudnikov, Hartsel, CO, pro se.

Michael Meadors, Hartsel, CO, pro se.

Larry W. McFarland, David K. Caplan, Keats, McFarland & Wilson, LLP, Beverly Hills, CA, for Defendant.

**ORDER AFFIRMING AND ADOPTING UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

DANIEL, District Judge.

## I. INTRODUCTION

THIS MATTER is before the Court in connection with Defendant MGA Entertainment Inc.'s Motion for Summary Judgment filed December 22, 2004. The Motion was referred to Magistrate Judge Patricia A. Coan for a recommendation by Order of Reference dated December 17, 2003. Magistrate Judge Coan issued a Recommendation ("Recommendation") on May 6, 2005 that the Motion be granted and summary judgment enter in favor of MGA. That Recommendation is incorporated herein by reference. *See* 28 U.S.C § 636(b)(1)(A); FED. R. CIV. P. 72(a); D.C.COLO.LCivR. 72.1(C)(1). On May 18, 2005, Plaintiffs filed a timely Objection to the Recommendation ("Objection"). Defendant filed a Response to Plaintiffs' Objection ("Response") on June 6, 2005. Plaintiffs' Objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

Plaintiffs are wife and husband who operate a home-based business which offers items on the eBay internet auction site. MGA Entertainment, Inc. ("MGA") is the exclusive owner of all rights in and to the Bratz® characters and property. Plaintiffs bring this *pro se* action for a declaratory judgment, tortious business interference, outrageous conduct, negligent representation, and fraudulent representation, alleging that MGA improperly terminated their on-line auction listing with eBay using eBay's Verified Rights Owner's Program ("VeRO"). In the auction, Plaintiffs were attempting to sell a fleece hat with a Bratz® applique affixed to it. MGA utilized the VeRO program to issue a Notice of Claimed Infringement ("NOCI") stating that Plaintiffs were infringing on MGA's copyright, trademark, manufacturing, distribution, licensing, and merchandising rights. Plaintiffs allege that MGA's notification was made without regard to trademark or copyright law in an attempt to control the on-line auction market. Defendant seeks summary judgment as to each of Plaintiffs' claim.

## III. ANALYSIS

The purpose of summary judgment is to determine whether trial is necessary. *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir.1995). Summary judgment is appropriate when the moving party has established "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of a genuine issue of material fact for trial can be discharged by demonstrating "that there is an absence of evidence to support the non-

moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmoving party. *Thomas v. International Business Machines*, 48 F.3d 478, 484 (10th Cir.1995). To defeat a properly supported motion for summary judgment, "the nonmoving party must, at a minimum, direct the court to *facts* which establish a genuine issue for trial." *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995) (emphasis in original). The nonmoving party must go beyond the pleadings and present "significant probative evidence tending to support the complaint." *White*, 45 F.3d at 360 (internal citations omitted). Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

Magistrate Judge Coan found that MGA has established that there are no genuine issues of material fact for trial. Specifically, Magistrate Judge Coan concluded that (1) with regard to Plaintiffs' allegation of perjury MGA "acted within its rights when it issued the NOCI which suspended the auctions on plaintiffs' fleece hat," and therefore did not knowingly misrepresent that Plaintiffs were infringing MGA's rights, (2) Plaintiffs' failed to present evidence in support of essential elements of their tort claims for tortious interference and outrageous conduct, and (3) Plaintiffs' asserted no separate legal grounds for seeking a declaratory judgment. Recommendation, at 7, 10.

A. *Plaintiffs' Claim for Perjury Under the Digital Millennium Copyright Act—17 U.S.C. § 512*

I first address Plaintiffs' objection to Magistrate Judge Coan's recommendation that summary judgment enter in favor of MGA as to Plaintiffs' "perjury" claim. As an initial matter, Magistrate Judge Coan determined that there is no general civil action for perjury and analyzed Plaintiffs' claim under 17 U.S.C. § 512(f) of the Digital Millennium Copyright Act ["DMCA"], which prohibits a party from making knowing material misrepresentations that a material or activity is infringing. Recommendation at 4, 7. The DMCA also requires that a "notification of copyright infringement" include a statement that the complaining party has a "good faith belief that use of the material in the manner complained of is not authorized by the copyright owner." 17 U.S.C. § 512(c)(3)(A)(v). Magistrate Judge Coan found that MGA complied with the notice and takedown requirements under 17 U.S.C. § 512(c)(3)(A) and was entitled to suspend Plaintiffs' auction. In analyzing the requirements for notification under the DMCA, Magistrate Judge Coan relied on the Ninth Circuit's decision in *Rossi v. Motion Picture Ass'n of America*, 391 F.3d 1000 (9th Cir.2004). In *Rossi*, the Ninth Circuit held that the good faith standard under § 512(c) is a subjective rather than objective standard based on the fact that a cause of action for improper infringement notifications under § 512(f) is expressly limited to those situations where the copyright owner's notification is a "knowing" and "material" misrepresentation. *Rossi*, 391 F.3d at 1004–05. Recommendation, at 7. Thus, as long as MGA acted in good faith belief that infringement was occurring, there is no cause of action under § 512(f). Plaintiffs' claim for perjury must be supported by substantial evidence that MGA knowingly and materially misrepresented Plaintiffs' infringement when it utilized eBay's VeRO program to have the auction shut down. Because Plaintiffs failed to demonstrate that MGA knowingly and materially misrepresented that Plaintiffs' auction was infringing, Magistrate Judge Coan recommended that

Plaintiffs' "perjury" claim be dismissed. Recommendation at 7.

■ Plaintiffs first object that MGA should not be allowed the protections of the good faith belief standard under the DMCA because the communications that Plaintiffs received from MGA contained nothing regarding alleged copyright infringement. Objection, ¶¶ 15–17 at 5. However, MGA initiated the NOCI was based on the good faith belief of Senior Counsel David Oakes that Plaintiffs' auction violated MGA's copyright rights as well as their trademark, manufacturing, distribution, licensing, and merchandising rights. Because MGA has asserted that it had a good faith belief that the Plaintiffs' auction was an infringement, Plaintiffs have the burden of demonstrating material facts showing otherwise. I agree with Magistrate Judge Coan that Plaintiffs failed to satisfy this burden.

Plaintiffs also object to Magistrate Judge Coan's finding of good faith belief on the part of MGA because they assert that MGA's agent, David Oakes, a lawyer trained in IP law, should be held to a undefined "higher standard." Objection at ¶ 20. Plaintiffs have not presented any authority that supports applying a different standard than subjective good faith belief to lawyers trained in IP law. Furthermore, in *Rossi,* the Ninth Circuit clearly stated that "[m]easuring compliance with [an] ... 'objective reasonableness' standard would be inconsistent with Congress's apparent intent [to] ... protect potential violators from *subjectively* improper actions by copyright owners." *Rossi,* 391 F.3d at 1005 (emphasis in original).

Plaintiffs also reiterate their theory that MGA is acting out of an improper desire to control secondary markets, as evidenced by MGA's failure to actively police on-line auctioning for potential copyright infringements. Magistrate Judge Coan deter-

mined that this evidence has no bearing on the notice and takedown requirements under the DMCA, and I must agree. MGA's actions towards other eBay auctioneers is irrelevant to a determination of good faith belief that the Plaintiffs' auction was infringing on MGA's rights.

Finally, Plaintiffs object to Magistrate Judge Coan's decision not to address MGA's privilege defense because it is secondary to the good faith belief standard under the DMCA, and because Plaintiffs "failed to address the substance of the privilege issue in their brief opposing MGA's motion." Recommendation, at 6 n. 7. In their objection Plaintiffs dispute Magistrate Judge Coan's conclusions, but fail to articulate specific facts in support of their objection. In any case, I agree with Magistrate Judge Coan that the issue of privilege is secondary to that of good faith belief under the DMCA, and that further discussion of the issue is unnecessary. Recommendation, at 6 n. 7.

In order to properly support its Motion for Summary Judgment, MGA was required to show that it had a sufficient basis to form the required good faith belief that the Plaintiffs' auction infringed on its rights, and that its actions therefore complied with the notice and takedown requirements under the DMCA. I agree with Magistrate Judge Coan that MGA has met that burden. I further agree with Magistrate Judge Coan that Plaintiffs have failed to raise "a genuine issue of material fact with regards to [MGA's] compliance with the DMCA." *Rossi* 391 F.3d at 1002. For those reasons, adopt Magistrate Judge Coan's recommendation that summary judgment enter against Plaintiffs and in favor of MGA on Plaintiffs' claim for perjury under 17 U.S.C. § 512(f).

B. *State Tort Claims*

■ Plaintiffs have voluntarily withdrawn their claims for negligent and

fraudulent representation. Plaintiffs do not specifically object to the dismissal of their remaining state law tort claims except to note that "[t]he tort claims were dismissed largely because of the finding of a 'good faith belief.' Reversing that would alter these findings." Objection at 8. Improper interference is an essential element of a tortious interference claim. Because I agree with Magistrate Judge Coan's finding that Defendant acted in good faith, I uphold dismissal of Plaintiffs' state law tort claims for tortious interference with contract/business relations, and outrageous conduct/intentional infliction of emotional distress.

### C. *Declaratory Judgment*

Finally, Plaintiffs object to dismissal of their request for declaratory judgment that the actions by MGA constitute perjury under the DMCA. Objection at 7. Magistrate Judge Coan recommended dismissal of the declaratory judgment claim because Plaintiffs "have offered no separate legal ground for this motion" and, therefore, declaratory judgment is not appropriate under either Fed.R.Civ.P. 57 or 28 U.S.C. § 2201. Recommendation at 10. In their objection Plaintiffs assert that Magistrate Judge Coan has failed to consider their complaint in the liberal manner due *pro se* plaintiffs. Plaintiffs rely on several cases which articulate the standard applicable to pleadings filed by *pro se* plaintiffs. Each of those cases involves motions to dismiss for failure to state a claim for which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6). When faced with a motion for summary judgment, however, the court is not deciding if the pleadings outlined in the complaint are sufficient to state a claim, but whether or not the nonmoving party has presented sufficient facts to support those claims.

■ *Pro se* plaintiffs' briefs are to be read liberally, and not held to as high a standard as those prepared by members of the legal profession; however, it is not the role of the court to play advocate for a *pro se* plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). I find no evidence in the record that Magistrate Judge Coan did not read Plaintiffs' Complaint and all subsequent briefs liberally. It is not the place of Magistrate Judge Coan, or this Court, to articulate legal grounds for a declaratory judgment that the Plaintiffs have not themselves articulated. As the actions of MGA are in compliance with the notice and takedown requirements of 17 U.S.C. § 512, there is not longer a "case of actual controversy within [this] jurisdiction" in which the court "may declare the rights and other legal relations" of the Plaintiffs and MGA. 28 U.S.C. § 2201(a), FED.R.CIV.P. 57. I agree, therefore, with Magistrate Judge Coan that Plaintiffs motion for declaratory judgment is no longer appropriate and should be dismissed.

### IV. *CONCLUSION*

In conclusion, for the reasons stated above, it is

ORDERED that the Recommendation of May 6, 2005, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion for Summary Judgment filed December 22, 2004, is **GRANTED**. The Clerk of Courts shall enter judgment in favor of the Defendant and against Plaintiffs.

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COAN, United States Magistrate Judge.

On December 10, 2003, plaintiffs filed this pro se action seeking a declaratory

judgment that they are entitled to sell a fleece hat with a Bratz® applique affixed to it and that such sale does not violate any of defendant's rights under federal law. Plaintiffs are wife and husband who operate a business which offers items on the eBay internet auction site. Complaint ¶ 2 at 1.

In this action[1] the plaintiffs assert that defendant MGA Entertainment improperly terminated plaintiffs' auction listing by using eBay's Verified Rights Owner's Program (VeRO) to state that plaintiffs were infringing on MGA's copyrights or trademarks. Id. at ¶ 9 at 3. Plaintiffs offered a fleece hat with a Bratz® applique for sale on the eBay site. Id. at ¶ 17 at 5–6. Plaintiffs argue they are entitled to sell the hat under the "first sale" or "fair use" doctrines and seek declaratory judgment to that effect. They also assert tort claims based on state law for tortious business interference, negligent representation, fraudulent representation, and outrageous conduct.

The Order of Reference to Magistrate Judge (including dispositive motions), was filed December 17, 2003. I entered a Recommendation to deny plaintiffs' motion for summary judgment on October 1, 2004, which was adopted as an order of court by Judge Daniel on November 24, 2004. I now consider the defendant MGA's [hereafter MGA] motion for summary judgment [filed December 22, 2004], to which plaintiffs responded on January 14, 2005. Defendant filed its reply on January 31, 2005. This motion was referred to the undersigned on December 23, 2004. The motion has been fully briefed. Oral argument would not be of material assistance.[2]

## I

Defendant moves for summary judgment on all of plaintiffs' claims. First, MGA asserts that each of the plaintiffs' claims fails because MGA was legally entitled to give notice to eBay which resulted in suspension of the auction of plaintiffs' hat. Next, MGA argues that plaintiffs cannot pursue the claim for perjury under 17 U.S.C. § 512 because no such claim exists. Finally, MGA asserts that summary judgment on each of the state law torts—tortious business interference, negligent representation, and outrageous conduct—is also appropriate. I now turn to the merits of MGA's motion.

## II

The purpose of summary judgment is to determine whether trial is necessary. *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir.1995). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The movant bears the initial burden to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992). The moving party bears the burden of demonstrating the absence of a genuine issue of a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202

---

1. Plaintiffs recently initiated three other pro se actions based on business conducted on eBay: civil actions 2003–D–2334(PAC) (terminated Dec. 1, 2004), 2004–D–161(PAC) (terminated Nov. 29, 2004), and 2004–D–563(PAC) (dismissed by plaintiffs).

2. Defendant requested oral argument on this motion (brief in support at 15) and such request is denied.

(1986). "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Finally, "[t]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

In the event the initial burden is met, the nonmovant must "come forward with specific facts showing that there is a genuine issue for trial as to elements essential to [the nonmovant's claim]." *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993)(internal citations omitted). The nonmovant has the burden to show that there are genuine issues of material fact to be determined. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmovant. *Thomas v. International Business Machines,* 48 F.3d 478, 484 (10th Cir.1995). To defeat a properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff." *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995)(quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505). I now turn to examine the sufficiency of MGA's showing that it is entitled to summary judgment on plaintiffs' claims.

## III

**A. Plaintiffs' Claim for Perjury Under the Digital Millennium Copyright Act (DMCA)—17 U.S.C. § 512**

Plaintiffs assert a claim for perjury, presumably based on the following provision in 17 U.S.C. § 512(c)(3)(A):

> To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following: ... (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

That section is preceded by language which describes the content of the "notification of copyright infringement" which provides at (v):

> A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

Section 512(f) of the statute provides further:

> Misrepresentations—Any person who knowingly materially misrepresents under this section(1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages ... incurred by the alleged infringer ... who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material ...

In *Rossi v. Motion Picture Ass'n of America,* 391 F.3d 1000 (9th Cir.2004), the Ninth Circuit[3] examined the notice and

---

**3.** There is a dearth of authority regarding the DMCA because it is a relatively new statute. No Tenth Circuit authority exists.

takedown provisions of the DMCA referred to above. Rossi is on point regarding the question of the applicable standard for a "Notice of Claimed Infringement," (NOCI), filed pursuant to the DMCA. That decision holds that DMCA provides a subjective good faith standard for notification by (copyright) owners of suspected infringement. It also determined that Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if a copyright owner's notification is a "knowing misrepresentation." 391 F.3d at 1004–05.[4] The case involved a plaintiff website operator (Rossi) whose service was interrupted when the Motion Picture Association of America (MPAA) followed the "notice and takedown procedures" (§ 512(c)(3)(A)) of DMCA to notify Rossi's internet service provider (ISP) of asserted copyright infringement. The decision discussed in detail the "good faith belief" standard contained in § 512(c)(3)(A)(v), holding that the applicable standard is a subjective one,[5] and that Congress intended an "expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is

a knowing misrepresentation." 391 F.3d at 1004–05. I find the Rossi decision on point with regard to the salient issue in this case: whether MGA was entitled, based on its good faith belief that infringement was occurring, to terminate the eBay auction of plaintiffs' fleece hat.

Rossi dictates a response in the affirmative. I have reviewed the declaration of David Oakes,[6] Senior Counsel for MGA and the person who filed the NOCI with eBay which terminated the auction. I find that it demonstrates an adequate basis for MGA's good faith belief that the sale of plaintiffs' Bratz® appliqued fleece hat was an infringement of MGA's rights, and is in compliance with § 512(3)(a)(v) and (vi), the DMCA notice and takedown requirements.[7] The plaintiffs' attack of the "reasonableness" of MGA's good faith belief on the ground that either David Oakes "knew better" than to conclude that plaintiffs' hat was infringing MGA's rights (Plaintiffs' Response in Opposition to MGA's Motion for Summary Judgment at 12) or that "the defendant's representative who terminated auctions was not properly trained to judge whether there was a trademark infringe-

**4.** Rossi examines in substantial detail the subjective standard as contrasted with the objective standard for good faith. It states that the applicable standard for a good faith belief "indicates an intent to adhere to the subjective standard traditionally associated with a good faith requirement," and that the statutory silence supported the applicability of the subjective standard. 391 F.3d at 1004. The court also determined that the subjective standard was supported by the statute's expressly limited cause of action for improper infringement notifications, imposing liability only if a copyright owner's notification is a "knowing misrepresentation." Id. at 1004–05.

**5.** The Rossi decision examined the interpretive case law along with the statutory structure of § 512(c) to support its conclusion that

the subjective standard was applicable. 391 F.3d at 1004.

**6.** I look at the declaration filed on April 13, 2004, which was submitted as an exhibit to MGA's response to plaintiffs' motion for summary judgment.

**7.** I do not reach the privilege issued raised in MGA's motion for summary judgment because it is secondary to the good faith issue and therefore not necessary for the disposition of MGA's motion for summary judgment. Plaintiffs, moreover, have failed to address the substance of the privilege issue in their brief in response to MGA's motion for summary judgment, choosing instead to rest on their assertion that there could be no entitlement to a privilege in the communication because it was not in contemplation of any legal action. See plaintiffs' response at 3–4.

ment but [was] merely 'following orders' and lacked training" is misplaced. The training or lack of training has no bearing on the good faith showing which MGA has established.

I conclude that plaintiffs have failed to rebut MGA's showing that they complied with the DMCA notice and takedown procedures. In addition, they have not made a showing that MGA knowingly and materially misrepresented that the fleece hat was infringing, as required to support an allegation under § 512(f), which imposes liability for damages, fees and costs incurred by an alleged infringer injured by a copyright owner's misrepresentations. Consequently, there can be no cause of action which plaintiffs are able to pursue under the DMCA. There is no general civil action for perjury. In the absence of a statute to the contrary, an unsuccessful litigant may not maintain a civil action against a person who allegedly committed perjury. See *Advantor Capital Corp. v. Yeary*, 136 F.3d 1259, 1263 (10th Cir. 1998).[8] If perjured testimony is not civilly actionable, there is certainly no basis for alleged perjury in the DMCA context presented here, or in a general business context. I conclude that MGA acted within its rights when it issued the NOCI which suspended the auctions on plaintiffs' fleece hat, and consequently, there is no sufficient ground on which to support any assertions that MGA or David Oakes "knowingly misrepresented" that plaintiffs' hat was infringing MGA's rights.[9]

**B. Tortious Interference With Contract/ Prospective Business Relationship**

The plaintiffs claim that MGA's action to suspend the auction amounted to tortious interference with contract, because there were willing bidders for the hat. In *Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985), the Colorado Supreme Court adopted the Restatement (2d) of Torts (§ 766 (1979)) definition of intentional interference with contractual relations, which imposes liability on "one who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise causing the third person not to perform the contract ..." (citation omitted)(emphasis in original). *Trimble*, 697 P.2d at 725–26.

Defendant has filed the declaration of David Oakes (referred to above), who submitted the notice of infringement (NOCI) to eBay. Oakes declaration, ¶ 22 at 6. Oakes states that at the time he submitted the NOCI, and continuing to the present time, MGA held a good faith belief that the items listed in the notice, including the fleece hat offered by plaintiffs, infringed its copyright, trademark and other rights. As set forth above relating to the "perjury" claim, I concluded that MGA was entitled to rely on its good faith belief that infringement was taking place and which formed the basis for its notification to eBay, which suspended the bidding on the hat offered by plaintiffs. MGA's action to suspend bidding was therefore not improper.

8. See also *Morgan v. Graham*, 228 F.2d 625, 627 (10th Cir.1956), which held that, in the absence of a statute to the contrary, an unsuccessful litigant who lost his case because of perjured testimony may not maintain a civil action against the person who committed the perjury.

9. With regard to plaintiffs' assertions that MGA is acting improperly based on its motive to control secondary markets (plaintiffs' Brief in Response to Summary Judgment at 11–12), these have no bearing on the determinations made within the DMCA statutory framework concerning DMCA notice and takedown procedures which are relevant here.

Plaintiffs' complaint lists this claim as one for tortious interference with contract, but in their response, plaintiffs rely on authority relating to a claim for tortious interference with prospective business relation. The latter claim is not set forth in their complaint, but because it requires a similar showing to their tortious interference with contract claim, I will consider this claim under the summary judgment standard as well.

To establish a claim for tortious interference with prospective business relations [under Colorado law], a plaintiff must show intentional and improper interference preventing the formation of a contract. *U.S. West, Inc. v. Bus. Discount Plan, Inc.*, 196 F.R.D. 576, 594 (D.Colo.2000). A defendant can interfere either by inducing or causing a third party not to enter into or continue relations, or by preventing the plaintiff from acquiring or continuing the relations. It is not necessary to prove an underlying contract. *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir.1995) (citations omitted).

This claim fails for the same reasons as the tortious interference with contract claim—MGA was acting within its rights in submitting the NOCI, and the NOCI could not, as a matter of law, be improper interference. I conclude that summary judgment in favor of MGA is proper on plaintiffs' claim for tortious interference with contract or prospective business relationship.

## C. Negligent and Fraudulent Misrepresentation Claims

With regard to the claims for negligent and fraudulent representations, these claims are also premised upon plaintiffs' assertions that MGA violated the law by suspending the auction. Complaint ¶¶ 20–30, at 7–8. However, I will not reach the merits of these claims because plaintiffs abandoned them in their opposition to MGA's motion for summary judgment. (Plaintiffs' Response at 13) The motion for summary judgment as to these claims is deemed confessed, and I recommend entry of summary judgment in favor of MGA on these claims.

## D. Intentional Infliction of Emotional Distress/Outrageous Conduct

In Colorado, "[t]he elements of outrageous conduct are:(1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) causing the plaintiff severe emotional distress." *Riske v. King Soopers*, 366 F.3d 1085, 1089 (10th Cir.2004). MGA's conduct, based on its good faith belief of infringement of its rights, and on which it relied in accordance with the DMCA, could not amount to outrageous conduct. This conclusion is supported as a matter of law. In addition, plaintiffs have failed to allege that they suffered severe emotional distress, one of the elements of the claim. I therefore conclude summary judgment is properly entered in favor of MGA on this claim.

Plaintiffs also cite to Colorado case law relating to the tort of product disparagement. Plaintiffs' Response at 14. No such claim is set forth in their complaint, and it is unclear how the plaintiffs wish to tie these claims together. Without any factual basis from plaintiffs, I will not consider any product disparagement claim as part of the summary judgment.

Finally, regarding the plaintiffs' request for declaratory relief, they have offered no separate legal ground for this motion. Therefore the declaratory judgment sought at this time by plaintiffs is not appropriate under either Fed.R.Civ.P. 57 or 28 U.S.C. § 2201.[10]

---

10. The existence of a "case" in a constitutional sense does not confer upon a litigant an absolute right to a declaratory judgment.

III

For the reasons stated above, it is

**RECOMMENDED** that defendant's Motion for Summary Judgment [filed December 22, 2004] be **granted** and summary judgment enter in favor of defendant MGA on all claims.

Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.

May 6, 2005.

*Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir.1989), citing *Green v.* *Mansour*, 474 U.S. 64, 72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).