**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL LAROY SIMPSON,

Plaintiff - Appellant,

v.

JUSTIN JONES, Director of
Department of Corrections; DARREL
WILSON, Unit Manager OSP; KRISTI
MUNHOLLAND, Case Manager OSP,

Defendants - Appellees.

No. 08-7084

(E.D. Oklahoma)

(D.C. No. CV-07-00041-RAW-SPS)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiff/appellant Michael Laroy Simpson, an inmate in the custody of the Oklahoma Department of Corrections ("DOC") at the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma, appeals *pro se* from the grant of summary judgment to defendants, DOC Director Justin Jones, OSP Unit Manager Darrel Wilson, and OSP Case Manager Kristi Munholland, in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with grievances he filed at the OSP. We affirm.

**BACKGROUND**

As indicated, Simpson is an inmate in the OSP. He proceeds *pro se* in this appeal, so we construe his materials liberally. However, he provides no coherent recitation of the relevant facts, and we are unable to derive the basic relevant facts from the materials assembled into the record. Accordingly, we derive our fact recitation from the district court's two orders, the facts of which Simpson does not specifically challenge.

On June 7, 2006, Simpson submitted a Request to Staff ("RSP") indicating that he wanted to be promoted to Earned Credit ("EC") Level 3. He also claimed the staff had retaliated against him for filing grievances, and he was incarcerated in a "racially prejudiced environment." On June 20, 2006, Simpson received a response to his RSP, stating that he was not eligible to be promoted to EC Level 3

because he did not have a job and was not participating in a program for which he had received a good evaluation.[1]

On July 25, 2006, Simpson submitted a grievance (## 06-248/06-1912) alleging that he was being denied his right under the Eighth Amendment, DOC Policy OP-030123, and Okla. Stat. tit. 57 § 138, which set out the policy for awarding earned credits to inmates. He more specifically claimed he had been denied "the right to equal access to various programs and work assignments as available in keeping with their (the inmates') eligibility, interest, needs and abilities." Inmate Grievance Rep. Form, R. Vol. 1 at 113. He also claimed he was being denied the opportunity to earn credits, and he had requested jobs and program participation at the OSP at least since June 2005. While Simpson's

---

[1]As related in the district court's order denying Simpson's motion to reconsider the grant of summary judgment to defendants, Simpson apparently filed an earlier grievance:

> Plaintiff filed Grievance #06-120 in March 2006, complaining he had been denied employment at Oklahoma State Penitentiary since 2005. He alleged that he could not work in the food services department, because he had an "established medical problem." He also complained he was unable to promote to Level 3 or 4 and to accumulate additional earned credits, because he was being denied a safe job. The facility head's April 5, 2006, response to Grievance #06-120 stated the only job openings in plaintiff's unit were in the kitchen, and he was ineligible to work there. Plaintiff was advised he could be placed on a job waiting list, but there already were many inmates on the list. It is unclear from the record whether plaintiff properly appealed the denial of Grievance #06-120.

Order at 2, R. Vol. 1 at 522. Simpson does not appear to make any specific argument about this grievance in this appeal.

signature and date state that the grievance was submitted on June 26, 2006, the grievance was not date stamped as received by authorities until July 25, 2006. On or about August 2, 2006, the warden or his designee returned the grievance unanswered, because it concerned issues that had been addressed in a previous grievance, and thus was not in compliance with DOC policy. The response also stated that Simpson had ten calendar days to submit a proper grievance.

Instead of submitting a proper grievance, on or about August 29, 2006, Simpson attempted to appeal Grievance #06-248/06-1912 to the DOC Director, arguing the warden was incorrect in his determination that the issues previously had been addressed in Grievance #06-120. On September 1, 2006, Simpson's submission was returned unanswered, on the stated ground that it was submitted out of time, that it addressed more than one issue, and because the issue had been previously addressed.

On September 18, 2006, Simpson was demoted from EC Level 2 to EC Level 1, pending an investigation into misconduct. On September 25, 2006, Simpson received a misconduct for Disobedience to Orders when authorities discovered that, contrary to DOC policy, Simpson was using the prison mail system to solicit his girlfriend to send money to another inmate. On October 11, 2006, a disciplinary hearing was held and Simpson was found guilty of an amended charge of individual disruptive behavior, and was fined $5.00 and lost sixty earned credits.

-4-

On October 30, 2006, Simpson submitted a RTS asking to be promoted to EC Level 2. He received a response the next day, explaining that reviews of EC Levels are conducted every 120 days and that any review of an EC Level prior to a regularly scheduled review was discretionary. Simpson then submitted a grievance requesting that he be restored to EC Level 2. While Simpson's signature and date state that it was submitted on November 8, 2006, the grievance was not date stamped by the authorities until November 30, 2006. On December 5, 2006, the grievance was answered and denied. On December 18, Simpson tried to appeal the denial of his latest grievance, but the appeal was returned unanswered on the ground that it was submitted out of time and because the grievance itself impermissibly addressed more than one issue.

At the next regularly scheduled EC Level review proceeding, Simpson's EC Level was reviewed, and he was promoted to EC Level 2 on February 1, 2007. On March 13, 2007, Simpson submitted a RTS asking that he be placed at EC Level 3. That RTS was denied the next day.

On April 24, 2007, Simpson submitted a grievance directly to the Director of the DOC (defendant Justin Jones), in violation of the grievance policies, asking that he be credited for earned credits dating back to November of 2006. On May 1, the Director's designee responded to the grievance by stating that it would not be answered because the issue had been previously addressed, because

Simpson failed to follow grievance policies on submitting grievances, and because he had used red ink on the grievance.

Simpson filed this action under 42 U.S.C. § 1983, alleging that the defendants retaliated against him for his "whistle-blowing" grievances filed against defendants Wilson and Munholland for their allegedly improper and illegal actions. Simpson further claimed he had lost his EC Level 2 status because of an alleged rule violation, and his level status was not restored, because he had filed grievances about the staff. Finally, he claimed that he was denied a job and the privileges he should be receiving as an EC Level 2 inmate, and that he should have been restored to EC Level 2 status on October 25, 2006.

The defendants moved for summary judgment on the ground that Simpson had failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). The district court granted defendants' motion. Simpson then filed a motion to reconsider the district court's order dismissing the action for failing to exhaust administrative remedies. Construing the motion as a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e), the court found no basis to alter or amend its judgment and denied Simpson's motion to reconsider. This appeal followed.

Simpson makes the following arguments about the grievances/requests he filed and his efforts to exhaust his administrative remedies:

Oklahoma Department of Correction Employees have been encouraged to "simply be dishonest about inmates/prisoner's properly and timely filed grievances or simply do not answer inmates/prisoner's grievances to hinder or sabotage the exhaustion requirement." That is a rampant practice within the Oklahoma Department of Corrections concerning inmate/prisoners grievance exhaustion process.

Appellant's Op. Br. at 1.[2] Further, he alleges:

Wardens of Oklahoma Dept. of Corrections are reluctant to timely and properly answer/respond to inmate/prisoners grievance where civil rights violations are rampant, which is their goal to sabotage a prisoners exhaustion requirement.

Id. at 2. Finally, Simpson asserts:

ODOC abuses PLRA's rule to "show exhaustion" (by simply alleging that inmate did not file a grievance, or did not file timely or submitted improperly, or alleging too many attachments.[)] ODOC has not been forced to present proof of their deceitful allegations concerning their perjurious form-letter response to inmate grievances.

Id. at 4. Simpson attempts to support these general allegations with the following

assertions, contained in a document styled an "Affidavit" which is signed by

Simpson only:

Plaintiff did both <u>timely</u> and <u>properly</u> submit grievance # 06-248 to the facility review authority on Monday June 26, 2006. . . .

Prison Official's failure to answer or respond to a grievance within the time limits contained in the promulgated rules/grievance

---

[2]Simpson does not consecutively number his Opening Brief, but rather includes a number of documents, some of which are independently numbered. For ease of reference, we cite to page numbers as if the entire document was consecutively numbered.

policy renders an administrative remedy unavailable for purposes of the "Prison Litigation Reform Act." . . . .

It is clear that the Administrative Review Authority failed to adhere to the time frame/time limits in OP-090124 . . . which states: "The administrative review authority has <u>20 working days</u> from receipt of the grievance [<u>January 18, 2008 stamped recieved</u>, [sic]] . . . <u>to respond and forward the original grievance to the inmate/offender</u>.

<u>Id.</u> at 44-47.

## DISCUSSION

"We review de novo the grant of summary judgment to determine whether any genuine issues of material fact were in dispute and, if not, whether the district court correctly applied the substantive law at issue." <u>Zurich Am. Ins. Co. v. O'Hara Reg'l Ctr. for Rehab.</u>, 529 F.3d 916, 920 (10th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The PLRA requires prisoners to exhaust any available administrative remedies before bringing an action under § 1983 or other federal law. 42 U.S.C. § 1997e(a). To comply with this requirement, a prisoner must fully observe the prison's grievance procedures. <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007); <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). Thus, an inmate who begins the

grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies.  Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

As the district court stated, under DOC policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally.  If that is unsuccessful, he may submit an RTS.  If the complaint is still not resolved, the inmate may then file a grievance.  If the grievance fails to resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer.  The administrative process is exhausted only after all of these steps have been taken.

Simpson purports to submit his allegations in the form of "Affidavits" and other unsworn representations which he claims contain factual assertions.  To support the reversal of the district court's grant of summary judgment, Simpson must present more than unsworn, generalized and conclusory allegations.  See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024-25 (10th Cir. 1992) (holding that when party appealing summary judgment fails to include citations to evidence in opposition to motion, this court will not search the record to determine whether it contains dormant evidence which might require submission of case to jury); see also Orr v. City of Albuquerque, 417 F.3d 1144, 1151 (10th Cir. 2005).  Similarly, while Simpson includes copies of various documents which he asserts support his claims, he fails to explain how they

support his claims.  Although we construe a *pro se* litigant's pleadings liberally, they must still comply with the minimum requirements of the rules.  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  In the absence of other evidence, an unsworn allegation does not meet the evidentiary requirements of Fed. R. Civ. P. 56.  It therefore fails to create a genuine factual dispute for summary judgment purposes.  See Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006).

The district court found that, "[a]fter careful review, . . . plaintiff has failed to exhaust the administrative remedies for any of his claims against the defendants."  Order at 4-5, R. Vol. 1 at 385-86.  We agree with that assessment.  Simpson has accordingly failed to show the existence of a genuine factual dispute to defeat summary judgment.  The district court's decision is affirmed.

## CONCLUSION

For the foregoing reasons, the district court's orders are AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge